THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ANGELITA G. UTLEG,

                Plaintiff,

      v.

UNIVERSITY OF WASHINGTON, *et al.*,

                Defendants.

CASE NO. C26-1093-JCC

ORDER

This matter comes before the Court on Plaintiff's motions to appoint counsel (Dkt. No. 9) and to stay case management deadlines (Dkt. No. 11). After thoroughly considering the motions and the relevant record, the Court DENIES each for the reasons explained herein.

As to the motion to appoint counsel, Defendants point out in response that Plaintiff originally filed this matter in King County Superior Court (before Defendant's removal) and, as such, this Court's plan governing *pro bono* appointments does not apply. (*See* Dkt. No. 13 at 8) (citing GO 07-23 at 1). Regardless, the decision to appoint *pro bono* counsel always rests with "the sound discretion of the trial court" although such requests are "granted only in exceptional circumstances." *Agyeman v. Corrs. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004) (citing *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984)).

"A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims *pro se* in light of

ORDER
C26-1093-JCC
PAGE - 1

the complexity of the legal issues involved.'" *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (alteration in original) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). And here, the Court cannot find such circumstances.

As a starting point, based on the alleged conduct, it is not clear which of Plaintiff's substantive rights Defendants collectively allegedly violated. (*See generally* Dkt. No. 1-1.) In addition, the Court is at pains to understand the magnitude of damages claimed—according to the complaint, specific damages are limited to a $238 medical bill and $132 in monthly medical insurance premiums. (*See id.* at 5.) Thus, the likelihood of success on the merits appears low. Further, given Plaintiff's filings to date, both in this matter and a related matter, *Utleg v. National Institutes of Health, et al.*, Case No. C25-1092-KKE (W.D. Wash. 2025), Plaintiff appears capable of articulating legal claims in a cogent (if not compelling) manner. Given this, the Court finds no exceptional circumstances to justify appointment of counsel.

Accordingly, Plaintiff's motion to appoint counsel (Dkt. No. 9) is DENIED, thus mooting Plaintiff's motion to stay (Dkt. No. 11), which is DENIED.

DATED this 26th day of May 2026.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
C26-1093-JCC
PAGE - 2