THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ANGELITA G. UTLEG,

                Plaintiff,

    v.

UNIVERSITY OF WASHINGTON, *et al.*,

                Defendants.

CASE NO. C26-1093-JCC

ORDER

This matter comes before the Court on Plaintiff's motions for a protective order (Dkt. No. 23), which the Court DENIES. The Court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Options available to the Court include, among others, "forbidding the disclosure or discovery; . . . [and] forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters." *Id*. District courts are vested with broad discretion in determining whether a protective order is appropriate and, if so, what degree of protection is warranted. *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984); *Phillips ex rel. Estate of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211–12 (9th Cir. 2002). The party seeking to limit discovery has the burden of proving "good cause," which requires a showing "that specific prejudice or harm will result" if the protective order is not granted. *In re Roman Catholic Archbishop of Portland in Or.*, 661 F.3d 417, 424 (9th Cir. 2011).

ORDER
C26-1093-JCC
PAGE - 1

Plaintiff asks the Court to limit the manner which she may be deposed by defense counsel. (*See generally id.*) Plaintiff contends certain limitations are needed due to her *pro se* status, English language skills, and a "documented history of cyber-attacks and retaliation . . . ." (*Id.*) In response, Defendants point out that they do not object to the attendance of a certified interpreter (at Plaintiff's expense) but there is otherwise no good cause to limit Defendants' ability to depose Plaintiff. (*See generally* Dkt. No. 34.) The Court agrees and further notes that Plaintiff's request is procedurally infirm, in that she did not meet and confer with opposing counsel prior to seeking the Court's assistance. *See* Fed. R. Civ. P 26(c)(1); *see also* LCR 26(c)(1) (describing required meet and confer certification). The Court reminds Plaintiff that, despite her *pro se* status, she "must follow the same rules of procedure that govern other litigants." *Baker v. Bell*, 668 F. App'x 703 (9th Cir. 2016) (citing *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987)).

So ORDERED this 1st day of July 2026.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
C26-1093-JCC
PAGE - 2